## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| Johnnie G. Bryant, Jr., | ) | Civil Action No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | **JURY TRIAL** |
| Experian Information Solutions, Inc., | ) | **DEMANDED** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

1.      This is an action brought by Plaintiff, Johnnie G. Bryant, Jr., for actual, statutory, and punitive damages, attorneys' fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq, (hereinafter "FCRA").

2.      The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3.      The FCRA likewise demands that consumers' disputes of inaccurate information be taken seriously by the consumer reporting agencies, requiring that they do much more than simply pass information between themselves and furnishers of information electronically without actually investigating the substance of a consumer's dispute, and consider all information available in conducting such investigations.

4.      Before the enactment of the FCRA, inaccurate and misleading information was identified as "the most serious problem in the credit reporting industry." 115 Cong. Rec.

2411 (Jan. 31, 1969). With this problem in mind, Congress enacted the FCRA "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." S. Rep. No. 91-517 (1969).

5.    To accomplish Congress' goals, the FCRA contains a variety of requirements to protect consumers, including §§ 1681c and 1681e, which are two of the cornerstone provisions of the FCRA.

6.    One of the primary purposes of the FCRA is to assure "maximum possible accuracy" of consumer information to ensure the stability of our banking system:

> The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

*See* 15 U.S.C. § 1681(a)(1).

## JURISDICTION AND VENUE

7.    This Court has Jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681p, and 28 U.S.C. §1331 and §1332.

8.    Venue is proper in the Florence Division because the Plaintiff resides in Marion County and the Defendant transacted business in this division.

## PARTIES

9.    Plaintiff, Johnnie G. Bryant, Jr., is a resident and citizen of the State of South Carolina, Marion County, and is over the age of twenty-one (21) years.  Plaintiff is a consumer as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

10.    Defendant Experian Information Solutions, Inc., ("Experian") is an Ohio company

registered to do business in South Carolina with the South Carolina Secretary of State. Defendant may be served with process through its registered agent for service of process, C T Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. At all times and in all respects relevant herein, Defendant was doing business in the state of South Carolina and in this division.

11.    Defendant Experian is a credit reporting agency ("CRA") as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a.  Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

12.    Defendant disburses such consumer reports to third parties under contract for monetary compensation.

13.    Defendant's acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which requires Defendant to provide a consumer with a complete copy of their credit file upon request, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit file, and which requires Defendant to conduct a reasonable reinvestigation of disputed information received from the Plaintiff.

14.    The Plaintiff alleges that Defendant repeatedly failed to delete and suppress erroneous, false, misleading, or inaccurate information from the Plaintiff's Experian credit file, and failed to reinvestigate Plaintiff's disputes.  Defendant also repeatedly disseminated Plaintiff's inaccurate credit file to third parties, causing Plaintiff to suffer damages as set forth herein.

3

## FACTUAL ALLEGATIONS

15.    On or about February 7, 2023, Synchrony Bank sent Plaintiff correspondence indicating that it was lowering Plaintiff's credit limit due to certain factors, including "delinquent or derogatory accounts" and "unpaid collections."

16.    Plaintiff did not have any accounts that were delinquent or unpaid.  In order to determine what information was appearing on his credit file, Plaintiff requested a copy of his Experian credit report.

17.    On or about March 8, 2023, Plaintiff received a copy of his Experian credit report. Plaintiff's Experian credit report contained two adverse accounts: a Capital One account with account number beginning 5178 ("Capital One Account") and an I C Systems collections account with account number beginning 10442 ("I C Systems Account").  The Capital One Account was opened in April 2022, and charged off in August 2022, with a balance of $3,319.00.  The I C Systems Account was originally an AT&T Wireless account which had been placed in collections with an unpaid balance of $623.00.

18.    Plaintiff did not apply for, receive, use, or authorize for use, the Capital One Account.  Plaintiff did not apply for, receive, use, or authorize for use, the AT&T Wireless account which had been placed for collection and was reporting on his Experian credit report as the I C Systems Account.

19.    On or about March 31, 2023, Plaintiff sent a dispute letter to Experian ("First Dispute").  In his First Dispute, Plaintiff provided his full social security number, date of birth, and address.  Plaintiff disputed the reporting of the Capital One Account and the I C

Systems Account as both having been fraudulently opened.  Plaintiff disputed the reporting of a 2511 Ridge St., North Myrtle Beach, SC 29582 address as belonging to him as said address belonged to his son, Johnnie Brandon Bryant.  Plaintiff also stated that he had not applied for credit in 2022 and that the hard inquiries made by Credit One Bank, Citi Cards/Citibank, American Express, JP Morgan Chase Bank, Capital One, and CT Credit were the result of fraudulent requests for credit made by an unauthorized third party.  On or about April 4, 2023, Defendant received Plaintiff's First Dispute.

20.     Defendant did not investigate Plaintiff's First Dispute, nor did it contact Plaintiff after receipt of same.

21.     On or about May 31, 2023, Plaintiff sent a second written dispute letter to Defendant in which Plaintiff stated that he did not receive a response to his First Dispute ("Second Dispute").  Plaintiff again specifically disputed the Capital One Bank and the I C Systems Accounts as fraudulently opened without his knowledge or permission.  Plaintiff reiterated that a number of incorrect addresses were appearing on his Experian credit report, including one that belonged to his son, and that numerous hard inquiries were still appearing on his Experian credit report which were the result of unauthorized, fraudulent requests for credit by a third party.  On or about June 5, 2023, Defendant received Plaintiff's Second Dispute.

22.     On or about June 5, 2023, Plaintiff was denied credit by Ally Bank, which was related to Plaintiff's attempted purchase of a 2021 Nissan Frontier.  Plaintiff was denied credit based on information, in whole or in part, from his Experian credit report.

23.    On or about June 14, 2023, Plaintiff received an adverse action notice from Global Lending Services which stated that Plaintiff had been denied credit based on information appearing in his Experian credit report.  The notice specifically noted that Plaintiff's Equifax credit score was 802, whereas his Experian credit score was 632.

24.    To date, Defendant has never responded to Plaintiff's dispute letters, has failed and/or refused to investigate Plaintiff's disputes, and continues to incorrectly report the fraudulent Capital One and I C Systems Accounts and multiple addresses as belonging to Plaintiff.  Additionally, Defendant has failed and/or refused to remove the fraudulent inquiries.

25.    Defendant failed to make a reasonable, or any, investigation into Plaintiff's disputes.

26.    For over 35 years, courts have recognized that a CRA cannot rely upon its data furnishers exclusively, when the consumer disputes the accuracy of the furnishers' information.  The CRA must make some independent investigation of its own.  "Merely reporting whatever information the creditor furnished was not reasonable, especially where the defendant knew of the impending dispute between the [consumer] and [furnisher]." *Swoager v. Credit Bureau of Greater St. Petersburg,* 608 F.Supp. 972 (M.D. Fla. 1985); *see also Bailey v. TransUnion Credit Info. Servs.,* 2016 U.S. Dist. LEXIS 196516, 2016 WL 11540113 (N.D. Ga. Nov. 28, 2016); *Crane v. TransUnion*, 282 F.Supp. 2d 311 (E.D. Pa. 2003) (explaining that a CRA must "go beyond the original source" to satisfy its duties to investigate).

27.    If the CRA knows or should know that the furnisher is unreliable, then a "reasonable reinvestigation" may require verifying the accuracy of the furnisher's information directly.

6

The "grave responsibility" imposed by §1681i(a) must consist of something more than merely parroting information received from other sources. *Cushman v. Trans Union Corp.,* 115 F.3d 220, 225 (3d Cir. 1997).

28.     Defendant's knowing and repeated conduct warrants an award of punitive damages. *See, e.g., Younger v. Experian Info. Sols. Inc.,* Case No. 2:15-cv-00952-SGC, at *30 (N.D. Ala. Mar. 21, 2019) (awarding punitive damages for repeated, willful violations of the FCRA).

**COUNT ONE**
(Fair Credit Reporting Act)

29.     The Plaintiff adopts, to the extent same are consistent with the allegations contained herein, the averments and allegations of paragraphs 15 through 28 hereinbefore as if fully set forth herein.

30.     Defendant maintains and distributes credit data files on the Plaintiff's credit. Defendant negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 *et seq.*, including but not limited to:  (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b) and (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

31.     Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

32.     Defendant repeatedly failed to reinvestigate the Plaintiff's disputes regarding the inaccurate collection account being reported on his Experian credit file.

33.     As a result of Defendant's negligent violations of the FCRA, the Plaintiff suffered,

continues to suffer, and will suffer future damages, including, but not limited to, damage

to Plaintiff's credit score and credit reputation, denial of credit, increased cost of credit

and/or insurance, anxiety, worry, fear, loss of sleep, headaches, loss of enjoyment of life,

physical pain and sickness, frustration, humiliation, embarrassment and mental anguish.

Additionally, the damage to Plaintiff's credit caused him to be denied credit, precluded him

from seeking further credit opportunities, and also caused him to not receive promotional

offers of credit.  Plaintiff is entitled to actual damages in an amount to be determined by

the jury.

34.     In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which,

but for the acts and omissions of Defendant alleged herein, would not have been necessary.

35.     Plaintiff is entitled to his attorneys' fees, pursuant to 15 U.S.C. §1681n(a).

## **COUNT TWO**
### (Fair Credit Reporting Act)

36.     The Plaintiff adopts, to the extent same are consistent with the allegations contained

herein, the averments and allegations of paragraphs 15 through 35 hereinbefore as if fully

set forth herein.

37.     Defendant willfully failed to comply with the requirements imposed under the

FCRA, 15 U.S.C. §1681 et seq., including but not limited to:  (a) failing to follow

reasonable procedures to assure maximum possible accuracy of the information in

consumer reports, as required by 15 U.S.C. §1681e(b) and (b) failing to comply with the

reinvestigation requirements in 15 U.S.C. §1681i.

8

38.    Defendant willfully failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

39.    Due to Defendant's willful failure to comply with the requirements of the Fair Credit Reporting Act, Plaintiff is entitled to statutory damages.

40.    As a result of Defendant's willful violations of the FCRA, the Plaintiff suffered, continues to suffer, and will suffer future damages, including, but not limited to, damage to Plaintiff's credit score and credit reputation, denial of credit, increased cost of credit and/or insurance, anxiety, worry, fear, loss of sleep, headaches, loss of enjoyment of life, physical pain and sickness, frustration, humiliation, embarrassment and mental anguish. Additionally, the damage to Plaintiff's credit precluded him from seeking further credit opportunities and also caused him to not receive promotional offers of credit. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

41.    Further, Defendant's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights.  Therefore, Defendant is liable to the Plaintiff for punitive damages in an amount to be determined by the jury.

42.    In addition, the Plaintiff has incurred litigation expenses, and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

43.    Plaintiff is entitled to his attorneys' fees, pursuant to 15 U.S.C. §1681o(a)(2).

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A.    Actual and statutory damages from Defendant pursuant to 15 U.S.C.

§1681n(a)(1)(A) and/or 15 U.S.C. §1681o(a)(1);

B.    Punitive damages from Defendant pursuant to 15 U.S.C. §1681n(a)(2);

C.    Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and

D.    For such other and further relief as the Court may deem just and proper.


*/s/ Penny Hays Cauley*
Penny Hays Cauley, Fed.  ID No.  10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com


**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**


*/s/ Penny Hays Cauley*
Of Counsel


**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
Experian Information Solutions, Inc.
c/o C T Corporation System
2 Office Park Court, Suite 103
Columbia, South Carolina 29223